IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL R. SIROIS, Plaintiff, | ) | 4:04CV3064 |
| vs. | ) | **MEMORANDUM AND ORDER** |
| SUPERIOR PUBLISHING COMPANY, INC., Defendant. | ) | |

Through a lawyer in a solo practice, who frankly acknowledges that this is her first federal case and who further acknowledges that she has never had a case where a fee award was warranted,[1] the plaintiff seeks an attorney's fee as a prevailing party in a copyright case.[2] I will award a small fee (which will include those costs properly compensated as a part of an attorney fee award). Very briefly, I next explain my decision.

## *I. BACKGROUND*

After Superior Publishing Company (a small weekly newspaper in a tiny rural town) wrongly published a photo of a few old folks who attended the Superior High School Class of 1953 reunion over Memorial Day weekend in 2003, the plaintiff, a former employee of the paper who took the photograph, sued for copyright infringement. The case was ultimately tried to me without a jury during one day; the

---

[1] See Plaintiff's Response to Defendant's Brief in Opposition to Plaintiff's Motion for Award of Attorney's Fees. (Filing 62, at 1.)

[2] The experienced defendant's counsel has treated the plaintiff's counsel with civility and respect while zealously representing his client. The defendant's lawyer has bent over backward to be fair.

deputy clerk advises that I spent six hours in the courtroom during the trial of this matter.

The defendant admitted liability. I found that while the defendant had violated the copyright laws, the publishing company (1) had done so not understanding that the photo was protected by the law (the photo contained no notice of copyright); (2) made no profit from the publication of the photo; (3) did not damage the plaintiff since he had already sold all the photos of this event he was ever going to sell; and (4) did not act willfully, although it had not acted innocently (as understood under the copyright law). Thus, I awarded statutory damages of $750[3] and I directed the plaintiff to file any request for attorney fees in accordance with NECivR 54.3 and 54.4. (Filing 49 ¶ 15 (Findings of Fact and Conclusion of Law).)[4] Thus, the plaintiff prevailed, but only for statutory damages.[5]

The plaintiff seeks $6,615 in fees plus $648.31 in expenses as an attorney fee award. (Filing 53 ¶ 3.) Despite my earlier explicit direction, the plaintiff has not filed a fee application (motion) that complies with NECivR 54.3 and 54.4.[6] For

[3]Where the infringement is not willful, $750 is the minimum amount the court may award as statutory damages. 17 U.S.C. § 504(c)(1).

[4]I withheld judgment pending resolution of the attorney fee issue.

[5]Despite a settlement offer of $5,000 from the defendant, the plaintiff never offered to settle for less than $38,000. (Filing 58 ¶¶ 11 & 12.) Given the evidence in this case, the plaintiff's unwillingness to settle for less is mind-boggling. For example, consider the fact that the plaintiff never earned more than $2,544 from <u>all</u> his photography and printing efforts. (Filing 49 ¶ 12.)

[6]This is so even though I gave the plaintiff extra time to file supporting materials. (Filing 54.)

example, the motion for fees is not supported by authenticated time records,[7] the motion is not supported by any independent evidence (affidavits from other lawyers, for example) that the hours expended were reasonable, and the motion is not supported by any evidence that counsel's hourly rate is reasonable.

Counsel has filed a "bill of costs" (filing 55), but the word "costs" encompassed in the bill of costs rule "does not include attorney's fees." NECivR 54.1(e). Furthermore, since judgment has not been entered, the bill of costs has been filed too early.[8] NECivR 54.1(b) (providing that the bill of costs should be filed within 30 days after entry of judgment).

However, attached to the bill of costs is an affidavit of the plaintiff's counsel which authenticates her time sheets, and states that her hourly rate was $80.00. (Filing 55, Doc. 2, Aff. ¶ 2; Filing 55, Doc. 4, Time Sheets.) The total of the hours shown on the time sheet is 85.25.[9] (Filing 55, Doc. 4, Time Sheets at 4.) Some of the

---

[7]The motion is supported by unauthenticated time sheets. However, unauthenticated records do not comply with the rules. NECivR 7.1(a)(2)(A) & (C); NECivR 54.4(c). As I will note in a moment, the time sheets were later authenticated in the bill of costs.

[8]Oddly, Plaintiff's counsel also failed to acknowledge that the plaintiff had rejected an offer of judgment under Federal Rule of Civil Procedure 68 that exceeded the amount of the recovery by the plaintiff at trial. (Filing 58 ¶¶ 9 &10.) This calls into question the accuracy of the bill of costs. At least some of the expenses asserted in the bill of costs were incurred after the offer of judgment and would thus not be recoverable as costs. See Fed. R. Civ. P. 68. Because the bill of costs is directed to the Clerk of Court in the first instance, I do not resolve any taxable cost issues in this opinion. That decision is left in the first instance to the Clerk of the Court after I have entered judgment.

[9]At $80.00 per hour, a fee of $6,820 would be provided by the expenditure of 85.25 hours. In the motion for fees, counsel claims $6,615. There is no explanation for the difference.

costs itemized in the time sheet are costs the lawyer actually paid and others are not. It appears that the "costs" which are highlighted in bold are costs the counsel claims she paid or actually incurred.[10] Counsel makes no effort to articulate which costs were paid or advanced over and above the expenses normally considered as a component of an attorney fee in the relevant market.

## *II. ANALYSIS*

In cases of copyright infringement, 17 U.S.C. § 505 provides that "the court may . . . award a reasonable attorney's fee to the prevailing party . . . ." The case law requires that I use the "lodestar" method to determine whether a fee should be awarded, and, if so, how much of a fee to award. See, e.g., Pinkham v. Camex, Inc., 84 F.3d 292, 294 (8th Cir. 1996) (applying the lodestar method in a copyright infringement case to the attorney fee issue).

I have repeatedly set forth how this method is properly used in various published opinions dating back more than a decade. See, e.g., U & I Sanitation v. City of Columbus, 112 F. Supp. 2d 902, 903-04 (D. Neb. 2000); Tabech v. Gunter, 869 F. Supp. 1446, 1456-70 & n.6 (D. Neb. 1994), aff'd sub nom. Jensen v. Clarke, 94 F.3d 1191 (8th Cir.1996). In addition, and for an excellent secondary source on the "lodestar" method, see Alan Hirsch & Diane Sheehey, Awarding Attorneys' Fees and Managing Fee Litigation 20-48 (Federal Judicial Center, 2d ed. 2005).

Because the "lodestar" methodology is (or should be) well understood, I see no reason to restate it here. Rather, I shall simply apply it. I do so next.

---

[10]The total of the highlighted costs ($1,570.84) is, however, much greater than the costs ($648.31) mentioned in the plaintiff's motion for fees. There is no explanation provided for the difference.

Taking into consideration all of the arguments advanced by the plaintiff and the defendant, and the applicable law, I find and conclude that the plaintiff is entitled to an attorney fee award (but only barely).[11] I also find and conclude that an expenditure of 24 hours of time (but no more) was reasonable and compensable. I also find and conclude that the plaintiff's hourly rate of $80.00 was reasonable. Thus, before expenses, the plaintiff is entitled to $1,920 (24 x $80).

An attorney fee that includes as a component some of the expenses of the attorney is authorized under the lodestar method, but only to the extent that such expenses would normally be paid by fee-paying clients as a part of an attorney fee in the relevant market. Most of the expenses claimed by the plaintiff are not of this sort and thus may not be included as a part of an attorney fee award.[12] I find and

---

[11]There is authority holding that where the plaintiff has rejected a settlement offer substantially in excess of the amount recovered in a copyright infringement action, an application for attorney fees may be denied. See Boisson v. Banian Ltd., 280 F. Supp. 2d 10, 21 (E.D.N.Y. 2003) (award of attorney fees to copyright holder, as prevailing party in infringement case against competitor who allegedly copied her quilt designs, was not necessary to advance considerations of deterrence; competitor was cooperative in ceasing any potentially infringing activity upon being served with lawsuit, continued to cease selling all quilts involved until the final disposition by the Court of Appeals, and made multiple attempts to settle case for a monetary value which was significantly greater than amount ultimately awarded). However, and particularly because the defendant is in the publishing business, the statutory purpose of deterrence that animates much of the copyright law, including the statutory damage and attorney fee sections, counsels against such a ruling here.

[12]Some of the expenses which I have not included in this attorney fee award may properly be taxed as costs by the Clerk of Court pursuant to Fed. R. Civ. P. 54(d)(1) (pertaining to costs other than attorneys' fees). The parties and the Clerk may wish to note that the Eighth Circuit Court of Appeals has held that expert witness fees (exceeding the fees authorized for witnesses in other statutes) may not be taxed as costs because of the copyright laws. Pinkham, 84 F.3d at 295 (construing the "full costs" language of 17 U.S.C. § 505 and holding that successful copyright plaintiff

conclude that the plaintiff is entitled to recover expenses of $67.31 as a part of the attorney fee award.[13]

Accordingly,

IT IS ORDERED that the plaintiff's motion for attorney fees (filing 53) is granted in part and denied in part; that is, the plaintiff shall have and recover from the defendant the sum of $1,987.31 as an attorney fee. Judgment will be entered by separate document.

DATED this 20th day of June, 2005.

BY THE COURT:
*s/Richard G. Kopf*
United States District Judge

---

was not entitled to recover expert witness fees in excess of the amount set forth in other statutes).

[13]This amount is based upon the following expenditures: $1.29 (postage); $14.61 (parking and meals at deposition); $1.33 (Pacer charge from U.S. Courts); $2.00 (parking for deposition); $17.00 (long distance call); $ 7.15 (long distance call); $6.83 (long distance call); $7.02 (long distance call); and $10.08 (long distance call).